(1" from top of page, and centered, begin title of Court)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA



Case No. __1:14-CV-23141-MGC__ -CV-_____

(Judge's Last Name/Magistrate's Last Name)

**MALIBU MEDIA, LLC**

_____

(Full Name of Plaintiff/s) ,

    Plaintiff (s)

vs.

**JOHN DOE Subscriber assigned IP address**

66.176.181.178

(Full Name of Defendant/s),

    Defendant(s).
_____/

### TITLE OF DOCUMENT

I, _DEFENDANT_____ [plaintiff or defendant], in the above styled

cause, _____ hereby moves to quash the subpoena.

Defendant respectfully submits that the subpoena for providing identity information of Defendant is too vague and it does not provide any factual or legal ground as to why Defendant is requested to provide such confidential information.

The letter sent to Defendant on October 22, 2014 by COMCAST Cable Holdings, LLC. in connection with this matter refers to an alleged copyright violation by an unknown user of a device supposedly connected to the IP address assigned to Defendant's name. Defendant respectfully submits that the Internet service was acquired about a month after Defendant moved

<u>to this country, and that this Internet service was not password-protected until after Defendant received this subpoena. Therefore, other individuals living in the common apartment complex had unprotected and free access to this internet service.</u>

<u>The subpoena fails to allege any specific wrongdoing or violation of law by the Defendant. Moreover, the subpoena fails to specify the identity and nature of any alleged compromised media or whether the alleged media was actually copyright-protected!</u>

<u>Therefore, Defendant respectfully requests that this court enter an order quashing the subpoena.</u>

<u>Respectfully,</u>

<u>John Doe subscriber assigned IP address 66.176.181.178, Defendant.</u>

*/s/ Jan. Doe*

11/25/2014
Dated: Month, day, year

Respectfully submitted,

<u>John Doe subscriber assigned IP address 66.176.181.178, Defendant.</u>

_____
Name of Filer

N/A_____
Attorney Bar Number *(if applicable)*

N/A_____
Attorney E-mail Address *(if applicable)*

N/A_____
Firm Name *(if applicable)*

N/A_____
Street Address

       N/A_____
City, State, Zip Code

Telephone: _____

Facsimile: _____

N/A_____
Attorneys for Plaintiff/Defendant *[Party name(s)]* *(if applicable)*

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by

<u>**John Doe subscriber assigned IP address 66.176.181.178, Defendant in the above referenced case**</u>

[specify method of service] on  **Hand delivered**                              [date]

on all counsel or parties of record on the Service List below.

  <u>John Doe subscriber assigned IP address 66.176.181.178, Defendant in the above case addressed above..</u>

_____
Signature of Filer

## SERVICE LIST

<u>M. Keith Lipscomb, ESQ.</u>
_____
Party or Attorney Name

<u>klipscomb@lebfirm.com</u>
Attorney E-mail Address *(if applicable)*

<u>Lipscomb, Eisenberg & Baker, PL</u>
Firm Name *(if applicable)*

<u>2 South Biscayne Boulevard-Suite 3800</u>
Street Address

<u>Miami, FL 33131</u>
City, State, Zip Code

Telephone: <u>(786)431-2228</u>

Facsimile: _____

<u>Plaintiff</u>
Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

_____
Party or Attorney Name

_____
Attorney E-mail Address *(if applicable)*

_____
Firm Name *(if applicable)*

_____
Street Address

_____
City, State, Zip Code

Telephone: _____

Facsimile: _____

_____
Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MALIBU MEDIA, LLC,                          )
                                            )
         Plaintiff,                         )    Civil Case No. 1:14-cv-23141-MGC
                                            )
v.                                          )
                                            )
JOHN DOE subscriber assigned IP address     )
66.176.181.178,                             )
                                            )
         Defendant.                         )
_____)

## ORDER ON MOTION FOR LEAVE TO SERVE
## THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

THIS CAUSE came before the Court upon Plaintiff's Motion for Leave to Serve A Third Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

**FIND, ORDER AND ADJUDGE:**

1. Plaintiff established that "good cause" exists for it to serve a third party subpoena on Comcast Cable (hereinafter the "ISP").

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

4. If the ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** this 9 day of October, 2014.

By: /s/ *Edwin G. Torres*
UNITED STATES DISTRICT COURT

2