FILED by ___ D.C.

APR 2 7 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF FLORIDA

MALIBU MEDIA, LLC

    *Plaintiff(s)*                    Civil Action No. 1:14-cv-23141-MGC
       v.

MAHDI HAJIKHANI

    *Defendant(s)*

## DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT

Mahdi Hajikhani ("Defendant") is identified in Plaintiff's complaint as the Internet Service Provider (ISP) subscriber assigned Internet Protocol ("IP") address 66.176.181.178. I am representing myself *pro se* in this matter before the Court. I understand that *pro se* litigants are required to follow the same rules and procedures as litigants that are represented by attorneys as seen in *Nielson v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). I will abide by these rules and procedures, but ask the courts indulgence as I'm not a lawyer. I hereby answer the Complaint of MALIBU MEDIA LLC. ("Plaintiff") as follows:

### Introduction

1. Defendant avers that Paragraph 1 of the Complaint makes legal conclusions that do not require a response, except that Defendant agrees that Plaintiff is seeking relief under the Copyright Act (Title 17 U.S.C. § 101 et seq).

2. Defendant denies the Plaintiff's allegations in Paragraph 2.

1

3.  Defendant denies the Plaintiff's allegations in Paragraph 3, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

**Jurisdiction and Venue**

4.  Defendant denies the Plaintiff's allegations in Paragraph 4, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

5.  Defendant denies the Plaintiff's allegations in Paragraph 5, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

6.  Defendant denies the Plaintiff's allegations in Paragraph 6, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

7.  Defendant denies the Plaintiff's allegations in Paragraph 7, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

**Parties**

8.  Defendant denies the Plaintiff's allegations in Paragraph 8, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

9.  Defendant avers that Paragraph 9 of the Complaint makes legal conclusions that do not require a response, except that Defendant agrees that Mahdi Hajikhani is an individual residing at 10317 NW 9th Street Circle, Apt.404, Miami, FL 33172.

## **Factual Background**

**10.** Defendant denies the Plaintiff's allegations in Paragraph 10, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

**11.** Defendant denies the Plaintiff's allegations in Paragraph 11. Plaintiff incorrectly states that BitTorrent prevents normal Digital Millennium Copyright Act (DMCA) take down notices from being issued by copyright owners.  ISPs receive DMCA take down notices from copyright owners on a daily basis.  Plaintiff should have sent a DMCA take down notice to Defendants ISP as soon as the offending IP address was noted by its technical monitoring personnel on 18 June 2014 (Exhibits A & B of complaint).  The ISP would have forwarded the DMCA take down notice to defendant as a normal course of its legal requirement to maintain its "safe harbor" status in accordance with the Online Copyright Infringement Liability Limitation Act.  Plaintiff instead chose to allow this alleged infringement activity to persist without taking any reasonable protective steps to limit it.

**12.** Defendant denies the Plaintiff's allegations in Paragraph 12, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

**13.** Defendant denies the Plaintiff's allegations in Paragraph 13, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

14. Defendant denies the Plaintiff's allegations in Paragraph 14, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

15. Defendant denies the Plaintiff's allegations in Paragraph 15, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

16. Defendant denies the Plaintiff's allegations in Paragraph 16, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

17. Defendant denies the Plaintiff's allegations in Paragraph 17.

18. Defendant denies the Plaintiff's allegations in Paragraph 18.  IPP International UG allegedly downloaded one or more bits from "Defendant."  This is factually incorrect, as the public IP (66.176.181.178) is ONLY a series of numbers which is assigned to an ISP subscriber by the ISP.  The public IP address on its own does not equal a person or culpability for some action.  Additional investigative effort is required to identify the actual infringer.

19. Defendant denies the Plaintiff's allegations in Paragraph 19.

20. Defendant denies the Plaintiff's allegations in Paragraph 20, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

21. Defendant denies the Plaintiff's allegations in Paragraph 21.  IPP International UG allegedly downloaded one or more bits from "Defendant."  This is factually incorrect, as the public IP (66.176.181.178) is ONLY a series of numbers which is assigned to an ISP

subscriber by the ISP. The public IP address on its own does not equal a person or culpability for some action. Additional investigative effort is required to identify the actual infringer. It should also be noted that simply downloading "one or more bits" from a public IP address does not constitute evidence of downloading/sharing the entire movie (or a substantial part of it).

22. Defendant denies the Plaintiff's allegations in Paragraph 22, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

23. Defendant denies the Plaintiff's allegations in Paragraph 23, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

24. Defendant denies the Plaintiff's allegations in Paragraph 24. As previously stated, the public IP address assigned to defendant by the ISP in no way identifies an offender or equals culpability. Plaintiff incorrectly claims Defendant is guilty based only on this fallacy. Defendant denies the Plaintiff's allegations in Paragraph 24. Plaintiff can only state that defendant is "the most likely infringer" based on the fact that he pays for the Internet service.

**Miscellaneous**

25. Defendant denies the Plaintiff's allegations in Paragraph 25, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

26. Defendant denies the Plaintiff's allegations in Paragraph 26, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

## COUNT I

27. Defendant re-affirms the answers he provided in paragraphs 1-26.

28. Defendant denies the Plaintiff's allegations in Paragraph 28, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

29. Defendant denies the Plaintiff's allegations in Paragraph 29.

30. Defendant denies the Plaintiff's allegations of Paragraph 30, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

31. Defendant denies the Plaintiff's allegations in Paragraph 31.

32. Defendant denies the Plaintiff's allegations in Paragraph 32.  It is irresponsible for Plaintiff to allege "willful" infringement based only on an investigative lack of due diligence that could only suggest that Defendant was "the most likely infringer."

## Defenses

## FIRST DEFENSE
## DECLATORY JUDGEMENT

33. Plaintiff incorrectly alleges that Defendant willfully infringed their exclusive rights under United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

**34.** Defendant has not infringed the copyrights of Plaintiff nor violated and exclusive rights held by Plaintiff under the aforementioned statutes. <u>Defendant does not nor has never owned a computer with a Bit Torrent client installed on it as alleged by Plaintiff in the Complaint</u>. Furthermore, defendant submits that he acquired his only computer from a fellow student some time around April 2014. Prior to this time, the defendant did not own a computer. The plaintiff however cites the earliest date of violation as September 2013, alleging that "the most recent TCP/IP connection between IPP and the Defendant's IP address" occurred on 09/25/2013 and 09/26/2013 (Exhibit A), far before time the defendant acquired his only computer. Thus, the defendant denies the allegations of copyright infringement raised by Plaintiff.

**35.** Defendant is entitled to a declaration as a matter of law that Defendant has not infringed any of the exclusive rights alleged to be held by Plaintiff.

## SECOND DEFENSE
### Rule 12(b)(6), Fed. R. Civ. P.

**36.** Defendant argues that Plaintiff has failed to state a sufficient factual basis to constitute a cause of action on either count, and therefore requests a dismissal of Plaintiff's Complaint.

**37.** Because Plaintiff is unable to demonstrate the Defendant committed a volitional act of infringement Plaintiff is wrongfully suing Defendant.

**38.** Plaintiff is unable to prove that Defendant's alleged activities even constituted an act of infringement because it cannot be demonstrated based on the evidence provided that the Defendant made a complete copy of the work alleged by Plaintiff.

### THIRD DEFENSE
### De Minimis Non Curat Lex

39. Defendant submits that Plaintiff's claim for copyright infringement is barred by the

    doctrine of de minimis non curat lex  (the law cares not for trifle) or *de minimis* use.

40. Any infringing activity using Defendant's Internet connection was momentary at best,

    and Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity

    and whether it was proximately or indirectly caused by Defendant.

### FOURTH DEFENSE
### Failure to Mitigate Damages

41. Plaintiff has made no attempt to mitigate any actual or perceived damages, which

    Defendant expressly denies; therefore, Defendant requests dismissal of Plaintiff's

    Complaint because Plaintiff has failed to take the reasonable and necessary steps to

    mitigate any damages.

### FIFTH DEFENSE
### Innocent Infringement

42. Notwithstanding any other defenses disclosed herein or without admitting any conduct

    alleged by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted

    material, then Defendant requests that the Court waive or eliminate damages because

    Defendant constitutes an innocent infringer under the law because other unknown

    personnel used his Internet connect without his knowledge or consent, thus his actions

    were not "willful" and he acted in good-faith. Defendant submits that he is a student who

    resides in a rented apartment and that he has acquired the Internet service from previous

    tenants. Said tenants, neighbors, and many fellow immigrant students, whom the

defendant hosted as a favor and whom took up residence in defendants' apartment up to weeks prior to finding a residence of their own, all had unrestricted access to the Internet service until the very day the defendant was served with a subpoena on behalf of the plaintiff, at which time he immediately did his due diligence to password protect and secure the service. Defendant further submits that the only reason he assumed the title of the account holder (ISP subcscriber), months after moving into the residence, has been to provide the university of his attending (Florida International University) with enough documentation to establish his residency and to facilitate his subsequent qualification for in-state tuition, a privilege that the university has denied the defendant as of this writing.

### SIXTH DEFENSE
### Failure to Join an Indispensable Party

**43.** Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendant did not engage in any of the downloading and/or infringement alleged by Plaintiff. Defendant was simply the ISP subscriber responsible for paying for Internet access (ISP subscriber) and not the infringer of Plaintiff's works.  Plaintiff failed to conduct any significant investigation to truly identify the individual(s) who allegedly engaged in the downloading/sharing in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure.  Plaintiff has simply collected public IP addresses, identified who paid for the Internet service (ISP subscriber), and then sued them in an effort to obtain a settlement. For failing to join the indispensable party, Plaintiff's complaint should be dismissed with prejudice as to Defendant.

### SEVENTH DEFENSE
### Communication Decency Act

**44.** As Defendant stated he did not infringe upon Plaintiff's work and other unknown

personnel are responsible, Communication Decency Act (DCA), 47 USC, section 230,

immunizes ISPs and their subscribers from causes of actions stemming from the action of

a third party (unknown infringer).

### EIGHTH DEFENSE
### License, Consent, and Acquiescence

**45.** Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to

Defendant because Plaintiff authorized use via Bit Torrent.

### NINETH DEFENSE
### Unclean Hands

**46.** Plaintiff's claims are barred by the doctrine of unclean hands.

### TENTH DEFENSE
### Injunctive Relief

**47.** Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not

immediate nor is it irreparable.

**48.** Pursuant to FRCP Rule 11, all possible defenses and affirmative defenses may not have

been alleged herein insofar as sufficient facts are not yet available after reasonable

inquiry upon the filing of Defendant's answer to the present Complaint, and therefore,

Defendant reserves the right to amend its answer to allege additional defenses and

affirmative defenses, if subsequent investigation reveals the possibility for additional

defenses.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendant having fully answered and pled to the causes of actions herein, Defendant requests a jury trial on the claims herein insofar as they can be properly heard by a jury and an order granting the following relief:

    a.  A judgment in favor of Defendant denying Plaintiff's requested relief and dismissal of Plaintiff's Complaint with prejudice by this court.

DATED: 4/27/2015

Respectfully submitted,

By:  *Mahdi Hajikhan*

10317 NW 9th Street Circle
Apt. 404
Miami, FL 33172

## CERTIFICATE OF SERVICE

I hereby certify that on 4/27/2015, I served a copy of the foregoing document, via US Mail, on:

**M. Keith Lipscomb, Esq.**
**Lipscomb, Eisenberg & Baker, PL**
**One Biscayne Tower**
**2 S. Biscayne Blvd., Suite 3800**
**Miami, FL 33131**

Dated: 4/27/2015

Respectfully submitted,

*[signature]*

10317 NW 9th Street Circle
Apt. 404
Miami, FL 33172